IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01194-WJM-MEH

ALIREZA VAZIRABADI,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS, ("DPS"), as Employer, JOHN and JANE DOE CORPORATIONS 1 THROUGH 10, and OTHER JOHN DOE ENTITIES 1 THROUGH 10 all whose true names are unknown,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Defendant Denver Public Schools ("DPS") seeks to dismiss Plaintiff Alireza Vazirabadi's claim for violation of the Age Discrimination in Employment Act ("ADEA"). Because Mr. Vazirabadi has made a prima facie showing of age discrimination, I respectfully recommend that the Honorable William J. Martinez deny the motion.

## BACKGROUND

**I. Facts**

The following are relevant factual allegations, which I take as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]

Mr. Vazirabadi is a fifty-five-year-old, Iranian-American citizen residing in Aurora, Colorado. Second Am. Compl. ¶ 1, ECF No. 67. On August 3, 2015, when Mr. Vazirabadi was

---

[1] Since DPS moves to dismiss only Mr. Vazirabadi's ADEA claim, I do not include facts specific to his Title VII claim.

1

fifty-two years old, *id.* ¶ 42, he applied for DPS' process improvement engineer ("PIE") position. *Id.* ¶ 19. Mr. Vazirabadi had more than ten years of direct experience. *Id.*

Mr. Vazirabadi had a phone interview with the DPS hiring manager, who informed him that he was being considered for two identical PIE positions. *Id.* ¶ 23. He then had a panel interview with the DPS hiring manager and three process improvement team members. *Id.* ¶ 24. Finally, Mr. Vazirabadi met with DPS' director of enterprise risk management and process improvement. *Id.* ¶ 26.

On September 23, 2015, DPS informed Mr. Vazirabadi that it had chosen other candidates for the PIE vacancies. *Id.* ¶ 27. The applicants who received the job offers were a man in his late twenties and a woman in her early thirties. *Id.* ¶ 15. At the time of hiring, both candidates had five years of experience. Second Am. Compl. Ex. 8.

## II. Procedural History

On October 20, 2015, Mr. Vazirabadi filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Second Am. Compl. ¶ 9, ECF No. 67. On March 6, 2017, Mr. Vazirabadi received a right to sue letter from the EEOC. Second Am. Compl. Ex. 1, ECF No. 67. Proceeding pro se, Mr. Vazirabadi filed the present case on May 15, 2017. Compl., ECF No. 1.

On May 14, 2018, Mr. Vazirabadi filed a Second Amended Complaint, which asserts Title VII and ADEA claims. Second Am. Compl., ECF No. 67. In his ADEA claim, Mr. Vazirabadi alleges that DPS discriminated against him by hiring two applicants who are under the age of forty and have less experience. *Id.* ¶¶ 41–46. Mr. Vazirabadi further asserts that DPS deliberately made a false statement to the EEOC by claiming that one of the chosen candidates was over the age of forty when she was actually in her early thirties. *Id.* ¶ 44.

DPS filed the present Partial Motion to Dismiss on May 29, 2018. Partial Mot. to Dismiss, ECF No. 68. DPS argues that the ADEA claim should be dismissed, because Mr. Vazirabadi fails to plead facts establishing age as a "but-for" cause of DPS' decision not to hire him. *Id.* at 4–6. Mr. Vazirabadi responds by reiterating his allegation that DPS deliberately made false statements to the EEOC. Resp. to Partial Mot. to Dismiss ¶ 3, ECF No. 71. In its reply brief, DPS asserts that Mr. Vazirabadi failed to refute and thus concedes its but-for causation argument. Reply in Supp. of Partial Mot. to Dismiss 1–3, ECF No. 73. DPS further contends that its EEOC response has no bearing on Mr. Vazirabadi's ADEA claim. *Id.* at 3–4.

On July 5, 2018, Mr. Vazirabadi filed an opposed Motion for Leave to File a Surreply, ECF No. 77. DPS responded on July 13, 2018. ECF No. 80.[2]

## **LEGAL STANDARDS**

### I. Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, courts must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678–80. Second, courts must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief."

---

[2] I find that Mr. Vazirabadi states a plausible claim for relief without considering the arguments he makes in his surreply.

*Id.* at 681.  If the allegations state a plausible claim for relief, the claim survives the motion to dismiss.  *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).  "The nature and specificity of the allegations required to state a plausible claim will vary based on context."  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).  Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim.  *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief."  *Id.* (quotation marks and citation omitted).

## II.  Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

After briefly discussing Mr. Vazirabadi's failure to respond to DPS' but-for causation argument, I find that Mr. Vazirabadi has made a prima facie showing of age discrimination.

As an initial matter, DPS contends that Mr. Vazirabadi failed to refute and thus concedes its but-for causation argument. Reply in Supp. of Partial Mot. to Dismiss 1–3, ECF No. 73. However, the Tenth Circuit has explained that a "district court may not grant a 12(b)(6) dismissal based solely on the plaintiff's failure to respond." *Persik v. Manpower Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (unpublished). Rather, a district court "must still examine the allegations in

the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). As such, dismissing Mr. Vazirabadi's claim based solely on his failure to respond directly to this argument would be improper.

Under the ADEA, it is "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination under a "failure-to-hire" theory, the plaintiff must show:

> (1) that he belongs to the protected class, (2) that he applied for and was qualified for the job, (3) that despite his qualifications he was rejected, and (4) that the employer either ultimately filled the position with someone sufficiently younger to permit an inference of age discrimination or continued to seek applicants from among those having [plaintiff's] qualifications.

*Lewis v. McDonnell Douglas Corp.,* 77 F.3d 492, at *3 (10th Cir. 1996) (Table); *Coe v. Yellow Freight Sys., Inc.*, 646 F.2d 444, 448–49 (10th Cir. 1981). Additionally, to ultimately succeed on such a claim, the plaintiff "must prove by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 176 (2009).

However, a plaintiff need not plead a prima facie claim to survive a motion to dismiss. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *Adenowo v. Denver Pub. Sch.*, No. 14-CV-02723-RM-MEH, 2015 WL 4511924, at *4 (D. Colo. June 17, 2015) (finding that "a prima facie argument for but-for causation proving an ADEA claim need not be met at the pleading stage"), *report and recommendation adopted*, No. 14-CV-02723-RM-MEH, 2015 WL 4504931 (D. Colo. July 24, 2015). Nevertheless, "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik,* 671 F.3d at 1191.

By satisfying the elements of a prima facie ADEA claim, Mr. Vazirabadi has surpassed his burden at the pleading stage. When he applied for the DPS positions, Mr. Vazirabadi was fifty-two years old and thus within a protected class. Second Am. Compl. ¶ 42, ECF No. 67. Construing the Second Amended Complaint liberally, Mr. Vazaribadi's claim that he had the highest ratings for experience and interviews pleads that he was qualified for the positions. *Id.* ¶ 15. Despite his qualifications, DPS rejected his application. *Id.* ¶ 27. DPS filled the vacancies with a man in his late twenties and a woman in her early thirties. *Id.* ¶ 15. Since both of these individuals are sufficiently younger than Mr. Vazirabadi, an inference of age discrimination arises. *Lewis,* 77 F.3d 492, at *3.

Mr. Vazirabadi's allegations also satisfy the but-for element of a prima facie claim. In addition to the hired individuals being significantly younger, Mr. Vazirabadi alleges they had substantially less experience than he. *Id.* ¶ 43. At the pleading stage, this is sufficient to state a claim. *See Daviss v. Sch. Dist. No. 1*, No. 14-CV-00795-CMA-KMT, 2015 WL 5315615, at *4 (D. Colo. Aug. 24, 2015) (holding that the plaintiffs' allegations of being terminated and replaced by significantly younger employees satisfied the but-for causation requirement), *report and recommendation adopted*, No. 14-CV-00795-CMA-KMT, 2015 WL 5308004 (D. Colo. Sept. 11, 2015); *Poore v. Peterbilt of Bristol, L.L.C.*, 852 F. Supp. 2d 727, 730 (W.D. Va. 2012) (holding that the plaintiff's claim alleging he was terminated and replaced with a younger, less-experienced individual satisfied pleading standards).

In support of its partial motion to dismiss, DPS relies on *Steele v. Stallion Rockies Ltd*, 106 F. Supp. 3d 1205 (D. Colo. 2015), in which the court dismissed the plaintiff's ADEA claim. Partial Mot. to Dismiss 6, ECF No. 68. The *Steele* plaintiff's claim had only two allegations: "(1) in 2011, [plaintiff] observed he was one of the oldest workers at the facility, and (2) prior to

his termination, unidentified coworkers (i.e., not a decisionmaker) made 'offensive comments' regarding his age." *Steele,* 106 F. Supp. 3d at 1211. The current case is distinguishable from *Steele*, because Mr. Vazirabadi alleges that a decisionmaker—not a coworker—discriminated against him by hiring two significantly younger candidates with less experience. Second Am. Compl. ¶¶ 41–46.

DPS also asserts that the court should dismiss Mr. Vazirabadi's ADEA claim, because his "allegations made clear that factors other than age influenced the final employment decision." Partial Mot. to Dismiss 6. But the Tenth Circuit has indicated that age need not be the sole motivating factor in an employment decision. *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010). Rather, an "employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as 'age was the factor that made a difference.'" *Id.* (quoting *Wilkerson v. Shinseki*, 606 F.3d 1256, 1266 (10th Cir. 2010)). Thus, Mr. Vazirabadi's allegation that other factors contributed to DPS' hiring decision is not fatal to his ADEA claim at the pleading stage.

To be sure, DPS' arguments might prevail at a later stage of this litigation. However, at this point, particularly when construing Mr. Vazirabadi's pleadings liberally and holding them "to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), I recommend that DPS' Partial Motion to Dismiss be denied.

## **CONCLUSION**

Although a close call, Mr. Vazirabadi has made a prima facie showing of age discrimination, which is more than sufficient to survive a motion to dismiss. Accordingly, I

respectfully recommend that DPS' Partial Motion to Dismiss [filed May 29, 2018; ECF No. 68] be **denied.**[3]

Dated and Entered at Denver, Colorado, this 3rd day of August, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).