IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2018 SEP 24 AM 10: 46

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No. 17-cv-01194-WJM-SKC

ALIREZA VAZIRABADI,

      Plaintiff,

v.

DENVER PUBLIC SCHOOLS, ("DPS"), as Employer, JOHN and JANE DOE CORPORATIONS 1 THROUGH 10, and OTHER JOHN DOE ENTITIES 1 THROUGH 10 all whose true names are unknown,

      Defendants.

---

## PLAINTIFF'S MOTION TO COMPEL NON-PARTY, INFOR, TO COMPLY WITH PAST DUE SUBPOENA FOR PRODUCTION OF ELECTRONIC DOCUMENTS, UNDER FED. R. CIV. P. 45 IMMEDIATELY

1.    Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i):

> *"At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."*

Plaintiff, Alireza Vazirabadi, *pro se*, respectfully asks the Court to compel non-party, Infor, to comply with Plaintiff's past due subpoena for production of *electronic documents* immediately.

2.    **Infor Background Information**

Per Wikipedia.Org, Infor is a New York City headquartered company, as world's largest privately held enterprise software company, with over 16,000 employees (as of 2017). Since its creation in 2002, Infor acquired over forty (40) software companies. Among them, in 2011, Infor acquired Lawson Software company for $2 billion. Before and after Lawson acquisition, over a decade, Denver Public Schools ("DPS") has been one of Lawson Software customers, for its Enterprise Resource Planning (ERP) application that allows DPS to manage its human resources information processing. In 2017, for

$15 million, Infor acquired Ciber Consulting Services; this is the company that helped DPS to implement and transitions into *single online recruitment application* for teachers and non-teachers job applicants in 2013-14.

### 3. Service of Subpoena

Plaintiff's subpoena served on 8/21/2018, initially, with 17 days response time due on 9/7/2018. The subpoena and its proof of service filed in ECF, under Doc. #94. A day before subpoena due date, after receiving an email from Infor attorney, Kadie D'Ambrosio ("Infor") at Rogers and Hardin LLP law firm in Atlanta, Georgia, Plaintiff extended Infor response time by 14 days to 9/21/2018. This gave Infor total of 31 days to deliver Plaintiff's requested *electronic documents*. Despite Plaintiff extending the due date, still Infor failed to deliver *any* of Plaintiff's requested documents.

### 4. Description of Subpoenaed Documents

Plaintiff's reasons for requested documents is based on Plaintiff's first Cause of Action that he was identified and discriminated based on his Iranian national origin that was *exposed* to Defendant, by Plaintiff's *mandatory* response to Defendant's 3-part *bilingual questioning* (Exhibit 2), by acknowledging as a Farsi/Persian bilingual. Per Jeff Gwaltney, DPS manager of Business Information Systems, in his affidavit: "The District transitioned recruiting software in December 2013 for non-teacher positions and in December 2014 for teacher positions." Therefore, all of Plaintiff's requested discovery documents relates to implementation of this bilingual questioning within DPS online recruitment software application. For example, documents and communications within the project scope and deliverables, that relates to implementation of: "*Are you bilingual in one of the languages listed below? If yes, please select one from the following list.*" Most importantly, Plaintiff requested Infor provide names of other customers with similar types of *bilingual questioning* implemented. Infor objects providing such documents, which directly relates to Plaintiff's Cause of Action.

### 5. Plaintiff's Requested Documents are *Relevant* under Rule 26(b)(1)

First, with this motion to compel, attached as Exhibit 1 is Plaintiff's affidavit that

*under oath* and *under penalties of perjury,* all of Plaintiff's requested documents from Infor are 100% relevant and needed for Plaintiff's first cause of action.

"The scope of evidence that is subject to discovery under the federal rules is broad: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004)." *Digital Advertising Displays, Inc. v. Sherwood Partners, LLC,* (No. 12-cv-00682-WJM-MEH), (10th Cir. July 10, 2013).

"In establishing the scope of discovery, Rule 26(b)(1) does not distinguish between parties and non-parties." *Western Convenience Stores, Inc. v. Suncor Energy (USA) Inc.*, (No. 11-cv-01611-MSK-CBS), (10th Cir. March 27, 2014).

### 6. Infor Boilerplate Objections

Majority of Infor objections are boilerplate with no specificity to Plaintiff's subpoena, contrary to Fed. R. Civ. P. 34(b)(2)(B): "For each item or category, the response must either state that inspection and related activities will be permitted as requested or *state with specificity the grounds for objecting to the request, including the reasons.*" As noted above, Fed. R. Civ. P. 26(b)(1) applies to non-parties equally, making Rule 34(b)(2)(B) applicable to Infor.

First page of Infor letter to Plaintiff states: "[W]e will agree to treat the subpoena as if it was directed to Infor and *we will be working with Infor in the collection and review of materials that may be responsive to the subpoena..*" Infor, despite complaining of shortage of time to respond, after Plaintiff extended response time for 14 days, still Plaintiff received zero documents. For example, Infor objects responding to the subpoena because under "Rule 45 provides that a subpoena may only command production of information *"within 100 miles* of where the person resides, is employed.."

The District Judge Robin J. Cauthron ruling in *Curtis v. Progressive N. Ins. Co.,* No. CIV-17-1076-C [W.D. Okla. June 13, 2018] that there is *"no violation of the 100-*

mile limitation," as the non-party "*subpoena at issue does not require the travel or attendance of any witnesses and Plaintiff is requesting the production of electronic documents.*"

## SUMMARY AND CONCLUSION

7.     *Under oath* and *under penalties of perjury* (Ex. 1), Plaintiff's Infor subpoenaed documents are 100% relevant to Plaintiff's first cause of action.

8.     Infor, as owner of Lawson Software and Ciber, for DPS 2013-2014 recruitment software development and implementation has total ownership, control and access for *all* the documents Plaintiff requested.

9.     Plaintiff's requested documents are completely within scope of Fed. R. Civ. P. 26(b)(1), which applies to *nonparties*, such as Infor.

10.    Under Fed. R. Civ. P. 26(c)(1)(A)-(H), nature of Plaintiff's requested documents neither qualify for any possible "*privilege*", nor for any protective order categories, such as *annoyance, embarrassment, oppression,* or *undue burden* or *expense*.

WHEREFORE, Plaintiff respectfully pleads with the Court to compel Infor to comply with Plaintiff's past due subpoena immediately.

Dated: September 24, 2018          By: _____
                                   Alireza Vazirabadi, Plaintiff, *pro se*
                                   avazirabadi@yahoo.com
                                   843 Vaughn Street
                                   Aurora, CO 80011
                                   720-218-4769

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLORADO

Civil Action No. 17-cv-01194-WJM-SKC

ALIREZA VAZIRABADI,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS, ("DPS"), as Employer, JOHN and JANE DOE CORPORATIONS 1 THROUGH 10, and OTHER JOHN DOE ENTITIES 1 THROUGH 10 all whose true names are unknown,

    Defendants.

---

**AFFIDAVIT OF ALIREZA VAZIRABADI, PLAINTIFF**

---

I, Alireza Vazirabadi (Plaintiff), *pro se*, being of lawful age and first duly sworn upon oath state under penalties of perjury under the laws of the State of Colorado and Federal laws that my statement in this affidavit is true and correct.

1. As the Plaintiff in the above case, I have personal knowledge and information concerning the following.

2. All my statement in the Infor subpoena I (Plaintiff) issued, which was served (Doc. #94) on Infor on 8/21/2018 are all true and accurate.

3. All my statement in "PLAINTIFF'S MOTION TO COMPEL NON-PARTY, INFOR, TO COMPLY WITH PAST DUE SUBPOENA FOR PRODUCTION OF ELECTRONIC DOCUMENTS, UNDER FED. R. CIV. P. 45 IMMEDIATELY" are all true and correct.

**EXHIBIT 1**

4.     All my (Plaintiff) requested documents in Infor subpoena are 100% relevant to my (Plaintiff) first cause of action in Amended Complaint (Doc. #67).

STATE OF COLORADO
COUNTY OF Arapahoe

SUBSCRIBED AND SWORN TO BEFORE ME, on the 24th day of Sept, 2018

*Patricia Padilla*
**Signature**

NOTARY PUBLIC
My Commission Expires: 7/22/2021

[SEAL]

_____
(Signature)

Alireza Vazirabadi, Plaintiff, *Pro se*

PATRICIA PADILLA
Notary Public
State of Colorado
Notary ID: 20014018174
My Commission Expires 07/22/2021

Page 2 of 2      **EXHIBIT 1**

## DPS Online Job Applicants Bilingual Questions

Have you ever been convicted of, pled guilty to, pled no contest to a felony, or been terminated or resigned from a position because of inappropriate or illegal behavior involving a child or children? If yes, provide explanation.
No
**Match**

Are criminal charges currently pending against you? If yes, provide explanation. No
**Match**

Are you bilingual in English and Spanish? No

> **Q1: "bilingual" English and Spanish?**

Are you bilingual in one of the languages listed below? If yes, please select one from the following list:

> **Q2: "select" from "listed...bilingual"**

If your language was not listed above, or if you are fluent in more than one of the above languages please indicate the language(s) here.
Farsi/Persian

> **Q3: "indicate... not listed bilingual or ...fluent languages"**

If you wish to include your video sample for consideration in your employment, paste a link to your video in the text box below. While it is not required, we strongly recommend teacher applicants paste a link to a short teaching sample using this space.

Do you currently need an employer-sponsored visa or will you possibly need an employer-sponsored visa in the future to work for Denver Public Schools?

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01194-WJM-SKC

ALIREZA VAZIRABADI,

      Plaintiff,

v.

DENVER PUBLIC SCHOOLS ("DPS"), as Employer, JOHN and JANE DOE 1 THROUGH 10, JOHN and JANE DOE CORPORATIONS 1 THROUGH 10, and OTHER JOHN DOE ENTITIES 1 THROUGH 10 all whose true names are unknown,

      Defendants.

---

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2018, a correct copy of the foregoing: **"PLAINTIFF'S MOTION TO COMPEL NON-PARTY, INFOR, TO COMPLY WITH PAST DUE SUBPOENA FOR PRODUCTION OF ELECTRONIC DOCUMENTS, UNDER FED. R. CIV. P. 45 IMMEDIATELY"** with two exhibits emailed to:

                                      KDAmbrosio@rh-law.com
                                      Kadie D'Ambrosio
                                      Attorney at Law
                                      ROGERS & HARDIN LLP
                                      2700 International Tower
                                      229 Peachtree Street NE
                                      Atlanta, GA 30303

and submitted same copies to Clerk of Court for CM/ECF system, which will send notification of such filing to the following Defendant's attorney of record email addresses:

SEMPLE, FARRINGTON & EVERALL, P.C.

Jonathan P. Fero
Robert P. Montgomery
Michael Brent Case
1120 Lincoln Street, Suite 1308
Denver, CO 80203
jfero@semplelaw.com
rmontgomery@semplelaw.com
mcase@semplelaw.com

By: _____
Alireza Vazirabadi, Plaintiff, *Pro se*
avazirabadi@yahoo.com
843 Vaughn Street
Aurora, CO 80011
720-218-4769